# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOUSTON SPECIALTY INSURANCE COMPANY**, <br><br> Plaintiff, <br><br> v. <br><br> **THE RODRIGUEZ CORPORATION, and CITY OF WALDPORT**, <br><br> Defendants. | Case No. 3:18-cv-1886-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on October 25, 2019. ECF 36. Magistrate Judge You recommended that Defendant The Rodriguez Corporation's ("TRC's") motion for partial summary judgment, which the City of Waldport ("Waldport") joined, should be granted and the Court should hold that Houston Specialty Insurance Company had a duty to defend TRC.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed objections. ECF 38. Plaintiff argues that Magistrate Judge You erred in finding that any of the allegations in Waldport's Amended Complaint against TRC in the state court action reasonably can be interpreted as raising a claim that could possibly be covered by TRC's relevant policy with Plaintiff. Plaintiff specifically objects to three portions of the Findings and Recommendation, but all of the objections are centered on Judge You's finding that the allegations in the Amended Complaint reasonably can be interpreted as alleging harm to

property and not simply defective workmanship by TRC and harm to the work itself.[1] Plaintiff argues that the burden is on TRC to prove coverage, but the Court adopts Judge You's analysis that in a declaratory judgment action, the burden is on the insurance company to prove lack of coverage. *See, e.g.*, *United Pacific Ins. Co. v. Mazama Timber Prods., Inc.*, 270 Or. 242, 245 (1974); *QBE Ins. Corp. v. Creston Court Condo., Inc.*, 58 F. Supp. 3d 1137, 1144 (D. Or. 2014).

After a *de novo* review, the Court agrees with and adopts Judge You's reasoning and analysis that there are some facts alleged in the Amended Complaint that reasonably can be interpreted as alleging damage to property other than the defective work performed by TRC. "If *any* of the facts pleaded in the complaint establishes the *potential* for covered liability the insurer must defend. Any doubt as to whether a defense obligation exists must be resolved against the insurer and in favor of the insured." *W. Hills Dev. Co. v. Chartis Claims, Inc. Or. Auto. Ins. Co.*, 360 Or. 650, 662 n.5 (2016) (emphasis added) (quoting Jeffrey E. Thomas, 3 NEW APPLEMAN ON INSURANCE LAW LIBRARY EDITION § 17.01[2][a] (2016)). For example, the Amended Complaint alleges that TRC had a duty to ensure its work was performed "in a manner which would prevent property damage," that "TRC knew, or reasonably should have known, that it would cause damage to [Waldport's] property if it performed its work negligently," that TRC was to perform its work "in a manner that would prevent [Waldport's] property from incurring corrosion and/or property damage," that "[Waldport] has suffered losses and property damage," and that Waldport was entitled to recover "repair, replacement, and remediation costs," which

---

[1] Plaintiff argues that "even if" property damage was alleged, the "impaired property exclusion" applies. Plaintiff, however, cites to cases that distinguish between where property is not "physically injured" (impaired property exclusion or loss of use exclusion applies) and property is physically injured (these exclusions do not apply). *See* ECF 38 at 7-12. Thus, this argument also is based on whether physical damage to property other than the work itself is alleged.

may reasonably be interpreted to include more than removal and replacement of defective work. Am. Compl. ¶¶ 63-65, 67 (ECF 23-1).

For those portions of Magistrate Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation, ECF 36. Defendant TRC's motion for partial summary judgment (ECF 22), joined by Defendant City of Waldport (ECF 24) is GRANTED.

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge